FILED
CLERK, U.S. DISTRICT COURT

FEB – 5 2014

CENTRAL DISTRICT OF CALIFORNIA
BY                                    DEPUTY

1   MICHAEL N. FEUER, City Attorney (SBN 111529x)
2   JAMES P. CLARK, Chief Deputy City Attorney (SBN 64780)
    RONALD S. WHITAKER, Assistant City Attorney (SBN 110160)
3   GERALD M. SATO Deputy City Attorney (SBN 82780)
    200 N. Main Street, City Hall East, 9th Floor, Rm. 916
4   Los Angeles, CA 90012
5   Telephone (213) 473-6875
    Facsimile  (213) 473-6818
6
7   Attorneys for Defendant CITY OF LOS ANGELES
8
9                  UNITED STATES DISTRICT COURT
10
11            FOR THE CENTRAL DISTRICT OF CALIFORNIA
12
13   LIZA YOUSSEFYEH, individually and on behalf    CASE NO.:
         of all other similarly situated
14                Plaintiff,                    CV14 - 0883 CAS-AJWx
15       v.
16                                          DEFENDANTS' NOTICE OF
     THE CITY OF LOS ANGELES; THE        REMOVAL TO FEDERAL COURT
17   CITY OF LOS ANGELES                 UNDER 28 U.S.C. §§ 1441(a) and
     DEPARTMENT OF                       1446(a) and (b)
18   TRANSPORTATION; XEROX STATE
     AND LOCAL SOLUTIONS INC. etc., A
19        New York Corporation
                  Defendants
20
21
22
23       TO THE CLERK OF THE ABOVE-ENTITLED COURT:
24           PLEASE TAKE NOTICE that Defendants City of Los Angeles and City of
25   Los Angeles Department of Transportation hereby remove to this Court the state court
26   action described below:
27       1.    On October 17, 2013, Plaintiff Liza Youssefyeh filed a Complaint
28
                                      1
                            NOTICE OF REMOVAL

("Complaint") in the Superior Court for the County of Los Angeles entitled LIZA
YOUSSEFEYEH, plaintiff vs. THE CITY OF LOS ANGELES, THE CITY OF LOS
ANGELES DEPARTMENT OF TRANSPORTATION, XEROX STATE & LOCAL
SOLUTIONS INC., a New York Corporation, defendants as Case Number BC524979.

      2.     The Complaint alleges the following causes of action: "(i) Violation of Due
Process Rights and Cal. Gov't Code §815.5; (ii) Violation of 42 U.S.C. §1983; (iii)
Violation of Bane Act—Cal Civ. Code §52.1; and (iv) Violation of California Business &
Professions Code §17200 et seq."   The Complaint purports to be filed as a class action.

      3.     Defendant City of Los Angeles was served with the Summons and
Complaint on January 14, 2014.  True and correct copies of the Summons and Complaint
are attached hereto as Exhibit 1.

      4.     No defendant has yet appeared in state court on the action.

      5.     Pursuant to 28 U.S.C. § 1331, the District Court has original jurisdiction of
all civil actions arising under the Constitution, laws, or treatises of the United States.

      6.     This action is removable to the District Court in accordance with 28 U.S.C.
sections 1441(a) in that it arises under federal question jurisdiction based upon alleged
violations of 42 U.SC. § 1983.

      7.     This Court also has jurisdiction over Plaintiff's state law claims.  Whenever
a separate and independent claim arising under federal law is joined with one or more
otherwise nonremovable claims, the entire case may be removed and the District Court
may determine all issues therein.  *See* 28 U.S.C. §1441(c).

      8.     This NOTICE OF REMOVAL OF ACTION is filed with the District Court
within thirty (30) days after receipt by the City, the earliest served defendant, of a copy of
the initial pleading setting forth the claims for relief upon which this action or proceeding
is based in accordance with 28 U.S.C. section 1446(b).

      9.     Plaintiff has demanded a jury trial in his Complaint.  Defendant similarly

1    demands a trial by jury.

2        10.    Defendants are providing prompt notice to all adverse parties of the filing of

3    the NOTICE and it is filing a copy of the NOTICE with the Clerk of the Los Angeles

4    County Superior Court.

5        11.    The undersigned attorney certifies that the remaining defendant in this

6    action, Xerox State and Local Solutions Inc., consents to the removal of this action to the

7    United States District Court.

8        12     The above-described action now pending in the Superior Court of the State

9    of California for the County of Los Angeles should be removed to this District in

10   accordance with the provisions of 28 U.S.C. sections 1441(a) and 1446(a) and (b).

11

12   DATED:    February 4, 2014

13                              MICHAEL N. FEUER, City Attorney
14                              JAMES P. CLARK, Chief Deputy City Attorney
                                RONALD S. WHITAKER, Assistant City Attorney
15                              GERALD M. SATO Deputy City Attorney

16
                                By:
17                                      GERALD M. SATO
18                                      Deputy City Attorney

19                              Attorneys for Defendants CITY OF LOS ANGELES
20                              and CITY OF LOS ANGELES DEPARTMENT OF
                                TRANSPORTATION
21

22

23

24

25

26

27

28

                                        3

# EXHIBIT  1

REFERRED TO CITY ATTORNEY
FOR DISPOSITION @ 1:00 am

JAN 15 2014

RECEIVED

JAN 15 2014

~~~ESS AND COMPLEX LITIGA~~~

**SUM-100**

**SUMMONS**
*(CITACION JUDICIAL)*

| |
|---|
| FOR COURT USE ONLY |
| **CONFORMED COPY** |
| ORIGINAL FILED |
| Superior Court of California |
| County of Los Angeles |
| OCT 17 2013 |
| John A. Clarke, Executive Officer/Clerk |
| By LA TRESE JOHNSON, Deputy |

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

THE CITY OF LOS ANGELES; THE CITY OF LOS ANGELES
DEPARTMENT OF TRANSPORTATION, (See attached Summons)

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

LIZA YOUSSEFYEH, individually and on behalf of all others similarly
situated,

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| |
|---|
| CASE NUMBER: *(Número del Caso):* |
| B C 5 2 4 9 7 9 |

The name and address of the court is:
*(El nombre y dirección de la corte es):* Los Angeles

111 N. Hill Street, Los Angeles, CA 90012

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Caleb Marker (SBN 269721), 555 E. Ocean Blvd., Ste. 500, Long Beach, CA 90802, (562) 216-7386

DATE: OCT 17 2013           John A. Clarke           Clerk, by L. JOHNSON , Deputy
*(Fecha)*                   *(Secretario)*                      *(Adjunto)*

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

1. [ ] as an individual defendant.
2. [ ] as the person sued under the fictitious name of *(specify):*
3. [✓] on behalf of *(specify):* THE CITY OF LOS ANGELES

   under: [ ] CCP 416.10 (corporation)          [ ] CCP 416.60 (minor)
   [ ] CCP 416.20 (defunct corporation)   [ ] CCP 416.70 (conservatee)
   [ ] CCP 416.40 (association or partnership)   [ ] CCP 416.90 (authorized person)
   [✓] other *(specify):* PUBLIC ENTITY
4. [ ] by personal delivery on *(date):* 1/14/14

[SEAL]
OCT 17 2013

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

| SHORT TITLE: Youssefyeh v. The City of Los Angeles | CASE NUMBER: |
|---|---|

1  XEROX STATE & LOCAL SOLUTIONS, INC., a New York corporation
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26  *(Required for verified pleading)* The items on this page stated on information and belief are *(specify item numbers, **not** line numbers):*
27  This page may be used with any Judicial Council form or any other paper filed with the court.

Page ___1___

Form Approved by the
Judicial Council of California
MC-020 [New January 1, 1987]

**ADDITIONAL PAGE**
**Attach to Judicial Council Form or Other Court Paper**

CRC 201, 501

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**
**NOTICE OF CASE ASSIGNMENT – CLASS ACTION CASES**

Case Number _____ BC 524979

**THIS FORM IS TO BE SERVED WITH THE SUMMONS AND COMPLAINT**
Your case is assigned for all purposes to the judicial officer indicated below (Local Rule 3.3(c)).

| | ASSIGNED JUDGE | DEPT | ROOM |
|---|---|---|---|
| | Judge Elihu M. Berle | 323 | 1707 |
| | Judge Lee Smalley Edmon | 322 | 1702 |
| | Judge John Shepard Wiley, Jr. | 311 | 1408 |
| | Judge Kenneth Freeman | 310 | 1412 |
| ✓ | Judge Jane Johnson | 308 | 1415 |
| | Judge Willliam F. Highberger | 307 | 1402 |
| | OTHER | | |

## Instructions for handling Class Action Civil Cases

The following critical provisions of the Chapter Three Rules, as applicable in the Central District, are summarized for your assistance.

### APPLICATION
The Chapter Three Rules were effective January 1, 1994. They apply to all general civil cases.

### PRIORITY OVER OTHER RULES
The Chapter Three Rules shall have priority over all other Local Rules to the extent the others are inconsistent.

### CHALLENGE TO ASSIGNED JUDGE
A challenge under Code of Civil Procedure section 170.6 must be made within **15** days after notice of assignment for all purposes to a judge, or if a party has not yet appeared, within 15 days of the first appearance.

### TIME STANDARDS
Cases assigned to the Individual Calendaring Court will be subject to processing under the following time standards:

**COMPLAINTS:** All complaints shall be served within 60 days of filing and proof of service shall be filed within 90 days of filing.

**CROSS-COMPLAINTS:** Without leave of court first being obtained, no cross-complaint may be filed by any party after their answer is filed. Cross-complaints shall be served within 30 days of the filing date and a proof of service filed within 60 days of the filing date.

A Status Conference will be scheduled by the assigned Independent Calendar Judge no later than 270 days after the filing of the complaint. Counsel must be fully prepared to discuss the following issues: alternative dispute resolution, bifurcation, settlement, trial date, and expert witnesses.

### FINAL STATUS CONFERENCE
The Court will require the parties at a status conference not more than 10 days before the trial to have timely filed and served all motions in limine, bifurcation motions, statements of major evidentiary issues, dispositive motions, requested jury instructions, and special jury instructions and special jury verdicts. These matters may be heard and resolved at this conference. At least 5 days before this conference, counsel must also have exchanged lists of exhibits and witnesses and have submitted to the court a brief statement of the case to be read to the jury panel as required by Chapter Eight of the Los Angeles Superior Court Rules.

### SANCTIONS
The court will impose appropriate sanctions for the failure or refusal to comply with Chapter Three Rules, orders made by the Court, and time standards or deadlines established by the Court or by the Chapter Three Rules. Such sanctions may be on a party or if appropriate on counsel for the party.

This is not a complete delineation of the Chapter Three Rules, and adherence only to the above provisions is therefore not a guarantee against the imposition of sanctions under Trial Court Delay Reduction. Careful reading and compliance with the actual Chapter Rules is absolutely imperative.

Given to the Plaintiff/Cross-Complainant/Attorney of Record on _____ OCT 17 2013 Sherri R. Carter, Executive Officer/Clerk

By _____ L. Johnson _____ Deputy Clerk

1  ZIMMERMAN REED, PLLP
   BRADLEY C. BUHROW (Bar No. 283791)
2  E-mail: Brad.Buhrow@zimmreed.com
   14646 N. Kierland Blvd., Suite 145
3  Scottsdale, AZ 85254
   (480) 348-6400 Telephone
4  (480) 348-6415 Facsimile

5  AHDOOT & WOLFSON, P.C.
   ROBERT AHDOOT, (Bar No. 172098)
6  rahdoot@ahdootwolfson.com
   THEODORE MAYA, (Bar No. 223242)
7  tmaya@ahdootwolfson.com
   1016 Palm Ave
8  Los Angeles, California 90069
   (310) 474-9111 Telephone
9  (310) 474-8585 Facsimile

10 RIDOUT LYON + OTTOSON, LLP
11 CHRISTOPHER P. RIDOUT, (Bar No. 143931)
   c.ridout@rlollp.com
12 CALEB LH MARKER, (Bar No. 269721)
   c.marker@rlollp.com
13 555 E. Ocean Blvd., Suite 500
14 Long Beach, CA  90802
   (562) 216-7380 Telephone
15 (562) 216-7385 Facsimile

16 Attorneys for Plaintiff, LIZA YOUSSEFYEH

17          SUPERIOR COURT OF THE STATE OF CALIFORNIA

18            FOR THE COUNTY OF LOS ANGELES      BC524979

**CONFORMED COPY**
ORIGINAL FILED
Superior Court of California
County of Los Angeles

OCT 17 2013

John A. Clarke, Executive Officer/Clerk

By LA TRESE JOHNSON, Deputy

RECEIVED

JAN 15 2014

...SS AND COMPLEX LITIGATION...

| | |
|---|---|
| 19 LIZA YOUSSEFYEH, individually and on behalf | CASE NO: |
| 20 of all others similarly situated, | |
| Plaintiff, | CLASS ACTION COMPLAINT FOR: |
| 21 | (i)   Violation of Due Process Rights and |
| 22 vs. | Cal. Gov't Code §815.6; |
| 23 THE CITY OF LOS ANGELES; THE CITY OF | (ii)  Violation of 42 U.S.C. § 1983; |
| LOS ANGELES DEPARTMENT OF | |
| 24 TRANSPORTATION, XEROX STATE & | (iii) Violation of Bane Act – Cal. Civ. Code |
| LOCAL SOLUTIONS, INC., a New York | § 52.1; |
| 25 corporation, | (iv)  Violation of California Business & |
| 26 Defendants. | Professions Code § 17200 *et seq.* |
| 27 | [CLASS ACTION] |
| 28 | |

CLASS ACTION COMPLAINT                    1

Plaintiff Liza Youssefyeh (hereinafter "Plaintiff") brings this action, by and through her undersigned counsel, on behalf of herself and all other persons similarly situated in the class defined below, based upon information and belief and the investigation of counsel, except for information based upon personal knowledge, and hereby allege as follows:

## I. NATURE OF THE ACTION

1.      Plaintiff brings this class action to remedy misconduct in the processing, review and collection of parking citations issued by the City of Los Angeles, which deprives millions of motorists of rights guaranteed to them by the United States and California Constitutions and state and federal law.

2.      Through this action Plaintiff seeks damages, equitable and injunctive relief, as well as to compel Defendants The City of Los Angeles ("City") and the City of Los Angeles Department of Transportation ("DOT") (collectively, the "City Defendants") and Xerox State & Local Solutions, Inc., formerly known as ACS State & Local Solutions, Inc. ("Xerox") (collectively referred to herein as "Defendants") to comply with certain California Vehicle Code procedures related to parking citations. Specifically, Defendants have failed and will continue to fail to provide a legally sufficient initial review and subsequent explanation to parking violators who attempt to exercise their legal rights challenge the citations issued to them, in violation of Cal. Vehicle Code § 40215 ("Section 40215"), unless enjoined.

3.      Defendants have created a system in which many motorists' challenge of a parking citation, per Cal. Vehicle Code § 40215, is systematically denied and rubber-stamped as valid. This allows Defendants to create a false façade of compliance with Cal. Vehicle Code § 40215, while avoiding the costly burden of actually engaging in any meaningful review. Defendants, in violation of Cal. Vehicle Code § 40215, do not conduct any meaningful review until after a motorist appeals the initial review, pays the ticketed fine as a bond, and seeks an administrative review.

4.      Additionally, this class action challenges Defendant Xerox's unlawful and unfair business practices of denying Plaintiff and Class members with their statutorily conferred rights to an initial review and subsequent explanation, in violation of Cal. Vehicle Code § 40215.

## II. JURISDICTION AND VENUE

5.      This Court has jurisdiction over all causes of action asserted herein pursuant to the Constitution of the State of California, article VI, § 10 and California Code of Civil Procedure §395. Each Defendant is a resident of California. Each Defendant has sufficient contacts with the State of California, such that rendering the exercise of jurisdiction over them by the California courts is consistent with traditional notions of fair play and substantial justice.

6.      Venue is appropriate in this Court because substantially all, if not all, of the events at issue in this Complaint occurred in Los Angeles County, and because the Defendants reside in Los Angeles County.

### III. THE PARTIES

7.      Plaintiff Liza Youssefyeh is an adult individual who resides in the State of California, County of Los Angeles.

8.      As described herein, Plaintiff has a sufficient beneficial interest to obtain judicial review of the Defendants' practices, procedures, and actions by mandate. Plaintiff has standing to assert all claims set forth herein. Plaintiff satisfied all prerequisites and exhausted all administrative and/or other remedies before commencing this action.

9.      The City of Los Angeles is a California charter city and the agency that issued the parking citations at issue herein. It is the "issuing agency" as that term is used in Cal. Vehicle Code §§ 40202-40230.

10.     The City of Los Angeles' legal affairs are represented by City Attorney Mike Feuer, located at 200 North Main Street, 8th Floor, Los Angeles, California 90012.

11.     The City of Los Angeles Department of Transportation was formed by city ordinance on February 25, 1979 and consolidated most transportation-related functions into a single department within the City.  DOT is the agency that issued the parking citations at issue herein. It is the "issuing agency" as that term is used in Cal. Vehicle Code §§ 40202-40230.

12.     DOT is led by General Manager Jaime de la Vega and is headquartered at 100 S. Main Street, 10th Floor, Los Angeles, California 90012.

13.     Xerox State & Local Solutions, Inc. is a New York corporation, registered to do business in the State of California that has contracted with the City to process parking tickets for the City. It is the "processing agency" as that term is used in Cal. Vehicle Code §§ 40202-40230.

14.     Xerox's principal place of business is located at 2828 North Haskell Avenue, Building 1, Floor 9, in Dallas, Texas 75204.  Xerox's resident agent in California is the Corporation Service Company, located at 2710 Gateway Oaks Drive, Suite 150N, Sacramento, California 95833.

15.     At all relevant times during the class period, the City has contracted with Xerox to provide a Parking Management Support System for the City and to operate the Parking Violations Bureau.

## IV. FACTUAL ALLEGATIONS

**A.     The City of Los Angeles Parking Management Structure and Statistics**

16.     The City of Los Angeles' Department of Transportation handles the city parking regulations and the parking citation process.

17.     The City uses DOT's uniformed Traffic Officers to enforce the regulations found in the Los Angeles City Municipal Code and California Vehicle Code.

18.     DOT Officers are empowered to enforce parking regulations set by the Los Angeles City Municipal Code and California Vehicle Code by issuing citations for non-compliance. The City issued a combined 5.7 million parking citations during the fiscal years of 2009 and 2010.[1] Upon information and belief, a similar amount of citations (if not more) were issued in 2011, 2012 and is expected to be issued in 2013 and subsequent years.

19.     The issuing of parking citations is very profitable for the City. Total citation collections for 2009 and 2010 were $167 million and $ 168 million, respectively.[2]

20.     On July 3, 2012, the Los Angeles City Council approved an increase to the fines associated with parking tickets by $5.00, which is projected to increase city revenues by $8.4 million

---

[1] City of Los Angeles Office of the Controller, *Audit of the City's Parking Citation Process at the Department of Transportation,* May 19, 2011.

[2] *Id.* at 12.

per year.   In responding to the increased ticket fines, Councilwoman Jan Perry stated "[w]e need more revenue."[3]

21.    Since 2007, the number of parking citations issued by the City has nearly doubled despite the City's population holding steady.

22.    In 2005, a parking citation for parking in a fire lane was $35.00.  Since the last increase, the cost of the same citation has increased to $93.00.

23.    As such, the City's parking enforcement and citation system has continually been skewed in design from a regulatory device as a means to raise additional revenue for the City.

24.    Upon information and belief, the City's parking enforcement operated a "Gold Card Desk" that systematically allowed city officials to seek preferential review of parking citations for favored constituents.[4]

25.    A *Los Angeles Times* article published May 8, 2012, notes that "[t]he mayor and City Council have turned time and again to parking infractions to help balance the city's budget, which this year faces a $238-million shortfall... a proposed $10 increase to an array of parking fines would make a small but important dent in the deficit."[5]

26.    The same article notes that "parking fines make up only 3% of the city's revenue base" and that the "Department of Transportation, which issues the tickets, needs to reach its financial targets 'so that vital city services can be preserved.'"

27.    Once parking citations are issued by DOT Traffic Officers, the Parking Violations Bureau ("PVB") handles collection and management.

28.    On March 9, 2006, the City executed a five-year contract with Xerox to provide a Parking Management Support System and to operate the PVB. Xerox receives compensation based on the number of citations processed monthly. A breakdown of Xerox's compensation is found in the

---

[3] Available online at <http://latimesblogs.latimes.com/lanow/2012/07/la-city-council-boosts-the-price-of-parking-tickets-zoo-fees.html> (last visited January 18, 2013).

[4] Available online at <http://losangeles.cbslocal.com/2011/05/20/villaraigosa-cancels-parking-ticket-gold-card-orders-ladot-probe>.

[5] Available online at <http://www.latimes.com/news/local/la-me-mayor-ticket-hikes-20120508,0,334673.story> (last visited January 18, 2013).

contract between Xerox and the City (the "Contract"). The Contract breakdowns compensation as follows:

[Xerox] shall be compensated by the CITY as follows:

| Cost/Citation | Number of Monthly Citations |
|---|---|
| $2.78 | 0-200,000 |
| $2.03 | 200,001 – 250,000 |
| $2.03 | 250,001 – 300,000 |
| $1.49 | 300,000 – and more. |

Xerox Contract No. C-109574, at 5.

29.    Upon information and belief, the contract between the City and Xerox has been renewed and remains in force through the present on similar terms.

30.    Given that the City issued 5.7 million parking citations over a 24-month period in 2009-10, Plaintiff estimates that the City has consistently issued approximately 237,500 parking citations per month.

31.    At that rate, Xerox would be paid at least $2.03 per parking citation, or more than $15.1 million for the 5.7 million parking citations issued during 2009 and 2010 (approximately $631,110.00 per month for 237,000 citations).

32.    In addition, Xerox is reimbursed for all actual expenses, including postage that it incurs in management and operation of the Parking Management Support System and PVB.

33.    Xerox received a combined total of $35 million in the fiscal years of 2009 and 2010 for the services it provided the City. The contract with Xerox is currently on a month-to-month basis.

34.    As such, Plaintiff estimates that the City reimbursed Xerox for expenses and special services totaling approximately $23.43 million during 2009 and 2010.

35.    Plaintiff believes that the $15.1 million paid by the City on the per-citation formulaic basis described above represents Xerox's profit for managing and operating the Parking Management Support System and PVB.

36. In operating the PVB, Xerox is responsible for the overall administration of parking citations and the collection operations including customer service, reconciliation and compliance, performance monitoring, training, special collections, lockbox processing, data entry, citation information and management, cashiering operations, and administrative reviews. The PVB operates four Customer Service Centers where citizens can make payments, purchase parking permits, and contest citations. Xerox receives and processes both handwritten and handheld parking citations by entering the citations in the Parking Management Support System ("PMSS"), managing critical citation data, and matching citations to violation codes and penalty tables. It also manages inquiries, complaints, payments and revenue distribution, Department of Motor Vehicle ("DMV") lookups for registered owner information, and sends notices and correspondence to registered owners.

**B.** **The Rights Conferred and Duties Imposed by California Vehicle Code § 40215.**

37. A person who receives a parking citation in California has the right to challenge the citation through three levels. Cal. Vehicle Code §§40215, 40230.

38. At the first level, and the level at issue here, the alleged violator may seek an initial review by the agency that issued the citation.

39. Cal. Vehicle Code §40215(a) provides:

> For a period of 21 calendar days from the issuance of a notice of parking violation or 14 calendar days from the mailing of a notice of delinquent parking violation,… a person may request an initial review of the notice by the issuing agency.

Cal. Vehicle Code §40215(a).

40. The request for an initial review may be made by telephone, in writing, online, or in person, and there is no charge to the challenging party for the review.

41. Therefore, upon being issued a parking citation, an alleged violator is given a statutory right to request an initial review of that citation.

42. The statutorily conferred benefit or interest given to an alleged violator allows them to request an initial review of the citation for a period of 21 calendar days from the issuance of the citation or 14 calendar days from the mailing of the citation.

1        43.     Upon information and belief, approximately 150,000 individuals request that an initial

2  review of their citations be performed by the City Defendants each year.

3        44.     After an alleged violator (registered owner) submits a request for an initial review, in

4  compliance with Cal. Vehicle Code §40215(a), the plain language of the statute imposes a mandatory

5  duty upon the issuing agency (the City) to engage in an initial review.

6        45.     Cal. Vehicle Code §40215(a) further provides:

7           If, following the initial review, the issuing agency is satisfied that the violation did
           not occur, that the registered owner was not responsible for the violation, or that

8           extenuating circumstances make dismissal of the citation appropriate in the
           interest of justice, the issuing agency shall cancel the notice of parking violation

9           or notice of delinquent parking violation. The issuing agency shall advise the
           processing agency, if any, of the cancellation. **The issuing agency or the**

10         **processing agency shall mail the results of the initial review to the person**
          **contesting the notice,** and, if following that review, cancellation of the notice

11         does not occur, include **a reason for that denial**…

12  Cal. Vehicle Code §40215(a) (emphasis added).

13        46.     Thus, if following the initial review, the City is satisfied that the violation did not occur,

14  that the registered owner was not responsible for the violation, or that extenuating circumstances make

15  dismissal of the citation appropriate in the interest of justice, the City will cancel the notice of parking

16  violation or notice of delinquent parking violation. The issuing agency (the City) must then advise the

17  processing agency (Xerox) of the cancellation.

18        47.     After an initial review is performed, the City and/or Xerox must mail the results of

19  the initial review to the person contesting the notice, and, if the citation is not going to be

20  cancelled, the City and/or Xerox must include a specific reason for that denial, and a notification of

21  their ability to request an administrative hearing.

22        48.     The right to receive the results of an initial review, and the reason upon non-

23  cancellation, are statutorily conferred benefits of contesting persons. Failure to provide this violates

24  the contesting person's procedural due process.

25        49.     California Vehicle Code §40215(a) not only imposes a mandatory 'duty upon the

26  City to provide a contesting party, upon request, an initial review, but also, the City and/or Xerox

27

28

1  has a mandatory duty to mail the results of an initial review to the contesting party, and if the

2  parking violation is deemed valid, the city antler Xerox must include the reasons for its decision.

3      50.    Therefore, California Vehicle Code §40215(a) confers two benefits upon contesting

4  alleged parking violators: (i) the statutorily conferred benefit to request an initial review of a

5  parking violation, including the subsequent statutorily conferred benefit to have an initial review

6  performed, as well as (ii) the statutorily conferred benefit to receive the results of the initial review,

7  and, should the City and/or Xerox decide not to cancel the citation, the right to be given adequate

8  reasoning for such a decision.

9      51.    California Vehicle Code §40215(a) was enacted to provide motorist with due

10  process rights, by providing challenging motorist with adequate safeguards before depriving them

11  of a protected property interest.

12      52.    The statutory benefits provide alleged violators with adequate notice and are

13  opportunity to be heard before the City deprives them of a protected property interest — their

14  money and/or personal property.

15      53.    It is evident that mistakes will be made in the issuance of parking-citations, and Cal.

16  Vehicle Code §40215(a) was enacted to provide alleged violators with an avenue to challenge

17  parking citations they believe have been wrongly issued.

18      54.    In essence, Cal. Vehicle Code §40215(a) was enacted to provide alleged violators

19  with notice and an opportunity to be heard before being deprived of their personal property — a

20  protected property interest.

21      55.    Despite these rights and duties, upon information and belief, when properly

22  requested pursuant to Cal. Vehicle Code "§.40215(a) by an alleged violator, Defendants

23  systematically refuse to engage in an initial review of a parking citation, in violation of the

24  mandatory duty imposed upon them by said statute.

25      56.    Upon information and belief, Defendants have intentionally created a system in

26  which challenging requests are systematically denied at the initial review level. In order to save

27  already scarce funds, Defendants automatically send one of fifty-four form letters stating that a

28

CLASS ACTION COMPLAINT              9

1   review has been performed and the citation was deemed valid, regardless of whether an initial

2   review was actually conducted by Defendants or not.

3       57.    Upon information and belief, Plaintiff believes that Defendants dismiss

4   approximately two to three percent of parking citations at the initial review level, the bulk of

5   which are attributable to untimely DOT investigations and/or the DOT "Gold Desk" dismissals.

6       58.    Upon information and belief, Plaintiff believes that Defendants' issuance of

7   automatic form letters upholding the citations is Defendants' attempt to bypass the initial review

8   requirement of Cal. Vehicle Code §40215(a) and require motorists to pay the citation fine amount

9   as a bond and request an administrative review (the second level of review) to seek any real

10  review of the parking citation.

11      59.    In addition to posting the citation amount as a bond, requesting and receiving an

12  administrative review involves substantial costs and burdens to the ticketed individual such as the

13  cost of taking a half or full day off of work (administrative reviews are conducted in-person),

14  travelling to one of only a handful of DOT locations, and paying to park at the DOT location.

15      60.    As such, the cost of obtaining an administrative review often exceeds the cost the

16  parking citation and there is no fee or cost shifting provisions to make individuals whole if their

17  attempted challenge is valid.

18      61.    Upon information and belief, a significant number of individuals who request and

19  are denied at the initial review level do not seek an administrative review due to the additional

20  costs and barriers involved.

21      62.    By eliminating, the initial review requirement of the Vehicle Code, Defendants

22  effectively shift the burden to motorists by requiring that they pay the bond amount before seeking

23  review and causing motorists to believe that a meaningful, good faith review of the ticket has been

24  performed.

25      63.    As a result, Defendants substantially reduce the number of motorists for whom a

26  legitimate review is conducted and increases collections of parking citations, regardless of whether

27  the citations are valid or not.

28

64. By failing to engage in an initial review, Defendants are denying alleged violators their statutorily conferred right to be heard and their due process rights.

65. Additionally, upon information and belief, when properly requested pursuant to Cal. Vehicle Code §40215(a), Defendants fail to provide alleged violators with the results of an initial review, and further fail to provide adequate reasoning when Defendants decide not to cancel the challenged citation, contrary to the requirements of Cal. Vehicle Code §40215(a).

66. In light of Defendants' above-described conduct and violations in failing to conduct actual initial reviews, the Court should presume all challenges by Plaintiff and the Class when seeking initial reviews pursuant to Cal. Vehicle Code §40215(a) to be valid; deem Defendants to have waived any right they had to provide actual reasons for any denial; cancel all notices of parking violations; and, order that refunds and restitution of any fines paid be made to Plaintiff and the Class.

C.   **Liza Youssefyeh's Factual Scenario**

67. On October 4, 2012, Plaintiff Liza Youssefyeh parked a car registered in her name within the City's boundaries. Specifically, Plaintiff parked her car at a street parking space located at 11710 Gorham Avenue – where a regulatory sign restricted parking restricted parking during certain hours due to street sweeping.

68. Subsequently, Plaintiff received a parking citation, #2129264432, for violating 80.69(b) of the Los Angeles Municipal Code (prohibited parking).

69. Los Angeles Municipal Code Section 80.69(b) provides, in relevant parts, as follows:

> Whenever authorized signs are in place giving notice that parking, as defined in Section 463 of the California Vehicle Code, is prohibited at any time or during certain hours, it shall be unlawful for any person to park any vehicle during such prohibited times, except as provided in Section 88.01.0 of this chapter.

70. Plaintiff timely and properly requested a review by the issuing agency – the City - wherein Plaintiff stated that she was forced to stop in the restricted area due to mechanical problems she was experiencing with her vehicle. In addition to her statement, Plaintiff provided mechanical records and receipts for her tow, confirming the mechanical issues and all relevant dates and times.

71. Despite this, thereafter, Plaintiff received a form-letter from the City.

72.     The form letter was prepared and mailed on behalf of the City by Xerox. The letter advised Plaintiff that an initial review had been performed and that her citation was not going to be cancelled.

73.     Upon information and belief, nearly every individual requesting an initial review receives one of the fifty-four valid ticket form letters customized for various parking offenses, with the content of each identical among the recipients, save for their contact information and citation number.

74.     A form letter cannot give an adequate explanation, as a one size fits all letter cannot provide the type of "reason" challenging motorists have a right to receive under Cal. Vehicle Code §40215(a).

75.     Upon information and belief, the Defendants never performed an initial review of Plaintiff's citation as is mandatorily required by Section 40125(a). Plaintiff's request for an initial review was subjected to Defendants system in which challenges are systematically denied at the initial review level. Additionally, the letter provided by Defendants did not and could not provide a sufficient explanation or reason for the denial, as mandatorily required by Section 40125(a).

76.     Such conduct on the part of Defendants constitutes a breach of a mandatory duty imposed upon Defendants by Cal. Vehicle Code §40215(a).

77.     Further, Defendants actions deny Plaintiff's statutorily conferred benefits, and thus deny Plaintiff and other Class members their statutory right to be heard and given adequate notice. Defendants' actions violate Plaintiffs' (and other class members') due process rights.

78.     Subsequently, Plaintiff timely sought an administrative hearing and paid the applicable bond as required by the Vehicle Code.

79.     On January 1, 2013, Plaintiff appeared at an in-person Administrative Hearing to contest her citation.

80.     During the hearing, Plaintiff presented similar evidence offered during her initial review – testimony that she was experiencing mechanical difficulty along with receipts for the repairs and tow.

81.     As a result of the hearing, on January 30, 2013, the City issued a Parking Adjudication Division Hearing Examiner Report/Notice of Decision (the "Decision"). The Decision stated that "[Plaintiff] has provided credible testimony, evidence and documentation that an unexpected mechanical problem, which affected [Plaintiff's] vehicle, was the underlying reason for the violation. The circumstances warrant extending a courtesy dismissal of the citation in the interest of justice. [Plaintiff] is therefore Not Liable for the citation.

82.     As a result of having to dispute her parking citation at the administrative hearing level, Plaintiff incurred additional damages, including, but not limited to, lost wages, paid parking costs, and interest accrued on the bond payment.

83.     As a result of Defendants' actions in not performing an initial review, as required by the Vehicle Code, Plaintiff experienced economic injuries, including the paying of confiscatory fines and excessive costs expended to obtain the Vehicle Code's mandated review (i.e., appearing in person for an administrative review, paying the citation fee as a bond, transportation and parking costs, and taking time away from other gainful opportunities).

**D.    Defendant's Routinely Breach Mandatory Duties Imposed by Cal. Vehicle Code §40215(a) In Order To Maximize Revenue and Reduce Costs.**

84.     Upon information and belief, Defendants routinely breach the mandatory duties imposed by Cal, Vehicle Code.§40215(a) in an effort to maximize revenue and reduce costs.

85.     In an effort to Maximize revenue and reduce costs, Defendants' practice has been and continues to be forgoing any initial review, opting to simply provide a challenging individual with a form letter, which fails to adequately provide him/her with an explanation or reason as required by §40215(a).

86.     The form letter is a quicker and cheaper resolution to the initial review requirement provided by Cal. Vehicle Code §40215(a) than conducting a legitimate review, as required.

87.     The City issues several million parking citations per year.[6]  As noted above, it contracts with Xerox to act as a processing agency to process the tickets. Under the contract, Xerox is required to, *inter alia:*

a.     Process the City's citation correspondence and payments;

b.     Provide computer data processing to manage the data pertaining to the citations;

c.     Handle financial deposits and reconciliations;

d.     Operate a customer service center; and

e.     Coordinate the administrative review process "consistent with the procedures for person contesting parking citations as set forth by the laws of the State of California."

88.     The City is ultimately responsible for all actions taken by contracting parties, which includes Xerox. Cal. Vehicle Code §40200.

89.     If a motorist disputes a parking citation and requests an initial review, Xerox forwards the complaint to the City for review. The City's own policy requires that an investigation be completed within 240 days, or the citation will be dismissed. In 2010, the City dismissed 4,429 of the challenged citations because of untimely investigation."

90.     Dismissing citations due to untimely review is costly to the City, as it losses considerable amounts of potential revenue. In a 2010 audit of the Los Angeles Department of Transportation, the Controller's Office for the City estimated that the City lost revenue totaling $126,000 due to untimely investigations.

91.     Upon information and belief, in order to expedite the review process of citations issued by the City. Defendants have...created a system to systematically deny challenges brought by motorists at the initial review level. Defendants routinely send challenging alleged violators a simple form letter, informing the alleged violator that an initial review has been performed and the citation deemed valid.

---

[6] *Id* at 2. City of Los Angeles traffic officers issued a total of approximately 5.7 million traffic citations during the fiscal year 2009 and 2010.

92.     This conduct ensures that a citation is not dismissed at the initial level of the citation contesting process within the 240-day policy limit. This conduct further prevents the City from engaging in a costly initial review, saving the City money at the expense of motorists' statutory rights.

93.     Despite any offered justification, Defendants' actions are contrary to statutory requirements enacted under Cal. Vehicle Code §40215(a), and constitute a breach of a mandatory duty.

94.     Defendants' actions denying Plaintiff and other challenging motorists of their statutory right to a hearing and adequate notice amounts to a deprivation of procedural rights.

95.     The statutory rights ignored by Defendants were put in place to afford challenging motorists with the right to a pre-deprivation hearing and notice.

96.     Denying these' statutory rights causes injury to challenging motorists despite the fact that they still have the right to an administrative hearing.

97.     Cal. Vehicle Code §40215(b) provides:

> If the person is dissatisfied with the results of the initial review, the person may request an administrative hearing of the violation no later than 21 calendar days following the mailing of the results of the issuing agency's initial review... The person requesting an administrative hearing **shall deposit the amount of the parking penalty with the processing agency**. The issuing agency shall adopt a written procedure to allow a person to request an administrative hearing without payment of the parking penalty upon satisfactory proof of an inability to pay the amount due.

Cal. Vehicle Code §40215(b) (emphasis added).

98.     It is not known at this time if similar issues exist at the administrative hearing level. However, even assuming they do not; challenging motorists are injured by Defendants conduct at the initial review level.

99.     Many challenging motorists are less likely to assert their statutory right under Cal. Vehicle Code §40215(b) if they believe the City and Xerox has conducted a good faith review of their citation and determined it to be valid. This is especially true when the parking citation charges an alleged violator with a relatively inconsequential amount compared to the additional costs and burdens of engaging in the further review.

1      100.    Therefore, upon information and belief, even in situations where a parking citation was

2    improperly issued, Defendants' conduct has caused a challenging motorist to forgo the administrative

3    hearing, opting instead to simply pay the citation which results in the same, albeit potentially

4    temporary, out-of-pocket costs of seeking an administrative review.

5      101.    Upon information and belief, as a result of the above described situation, Defendants

6    have collected millions of dollars from improperly issued parking citations. If Defendants are not

7    engaging in an initial review, even improperly issued parking citations will proceed past the initial

8    review stage. Challenging motorists who believe Defendants have engaged in an honest review of their

9    parking citation may opt to simply pay the parking citation rather than continue with the additional

10   burden and hassle of challenging the citation.

11     102.    Additionally, Cal. Vehicle Code §40215(b) requires that a challenging motorist deposit

12   the amount of parking penalty with the processing agency –Xerox – before the administrative hearing.

13   To try to avoid or delay this by showing the inability to pay, the challenging motorist must undertake

14   additional burdens.

15     103.    In short, the requirements of Cal. Vehicle Code §40215(b), taken together with

16   Defendants conduct of systematically denying challenging motorists with their rights under Cal.

17   Vehicle Code §40215(a), deprive challenging motorists of their personal property (money) before

18   being afforded their due process..

19                                  **V. CLASS ALLEGATIONS**

20     104.    Plaintiff brings this action as a Class action on behalf of himself and all other persons

21   similarly situated, against Defendants.

22     105.    This action is brought and may properly be maintained as a Class action against all

23   Defendants pursuant to Code of Civil Procedure § 382 and other applicable rules of civil procedure.

24   The community of interest in the litigation is well defined and the proposed Plaintiff Class is easily

25   ascertainable.

26     106.    This action satisfies the numerosity, commonality, typicality, adequacy, predominance

27   and superiority requirements with respect to this putative class.

28

107.    The Class is defined as follows:

All persons and/or registered owners of vehicles, who from four years prior to the filing date of this Complaint until the final disposition of this case, (1) requested an initial review of their parking citations to a parking authority managed and/or operated by the Defendants, (2) in response were issued a letter validating the citation, (3) without LADOT responding to a Xerox-generated Complaint and Investigation and (4) subsequently paid the amount of the parking citation either as payment or a bond for an administrative review.

Excluded from the Class are: (a) any officers, directors, employees, executives, board members, and legal counsel of the Defendants; (b) any judge assigned to hear the case (or spouse or family member of any assigned judge); (c) any employee of the Court; (d) any juror selected to hear this case; and (e) any attorney of record in this case.

108.    **Numerosity of the Class.** Members of the class are so numerous that their individual joinder herein is impracticable. The precise number of members of the class and their addresses are presently unknown to Plaintiff, but is believed to each exceed 60,000 people. The precise number of persons in the class and their identities and addresses may be ascertained from Defendants' records. If deemed necessary by the Court, members of the class may be notified of the pendency of this action by mail and/or email.

109.    **Ascertainable Class.** The proposed Class is ascertainable. The litigation of the questions of fact and law involved in this action will resolve the rights of all members of the Class and hence, will have binding effect on all class members. These Class Members can be readily identified from Defendants' electronic and paper business records, and thus can be determined by the Plaintiff, through minimally intrusive discovery.

110.    **Common Questions of Fact and Law Exist and Predominate over Individual Issues.** There is a well-defined community of interest in the questions of law and fact involved affecting the parties to be represented. These common questions of law and fact exist as to all members of the class and predominate over the questions affecting only individual members of the class. The common questions which predominate over individual issues include, but are not limited to; (a) whether Defendants' common operating procedures resulted in actual initial reviews under Cal. Vehicle Code §40215(a) being conducted; (b) whether Defendants' common operating procedures of

1   responding to class members' requests for initials reviews with form letter provided legitimate reasons

2   for any denial; (c) whether Defendants employed a false initial review process to weed out and

3   eliminate the number of reviews that actually needed to be conducted; (d) whether Defendants'

4   conduct, described herein, violated class member's due process rights.

5      111. **Typicality.** The claims of Plaintiff are typical of the claims of the Class. Plaintiff and

6   all Class members received parking citations from Defendants. Plaintiff and Class members requested

7   an initial review of their parking citation as was their right under Cal. Vehicle Code §40215(a). Upon

8   information and belief, Plaintiff and Class members were never afforded an initial review, and rather

9   were given a form letter that failed to provide adequate reasoning for the denial as required by Cal.

10   Vehicle Code §40215(a). Plaintiff, like other class members, was subjected to Defendants' typical and

11   ongoing false initial review process as a means to weed out and eliminate the number of reviews

12   actually needed to be conducted, and generate revenue for the City. The relief sought is common,

13   unitary, and class-wide in nature.

14      112. **Adequacy.** The named Plaintiff is an adequate representative of the Class on whose

15   behalf this action is prosecuted. Plaintiff's interests do not conflict with the interests of the Class.

16   Plaintiff has retained competent counsel with experience in class action litigation and will protect the

17   interests of the class in that there are no conflicts between his interests and the interests of other class

18   members, this action is not collusive, the named Plaintiff and his counsel have the necessary resources

19   to litigate this action, and counsel has the experience and ability required to prosecute this case as a

20   class action.

21      113. **Community of Interest.** The proposed Class has a well defined community of interest

22   in the questions of fact and law to be litigated. The common questions of law and fact are predominant

23   with respect to the liability issues, relief issues and anticipated affirmative defenses. The named

24   Plaintiff has claims typical of the Class members.

25      114. **Superiority of Class Adjudication.** A class action is superior to other available

26   methods for the fair and efficient adjudication of this controversy, particularly given that the harm or

27   injury suffered by the individual class members is relatively small, making individual claims highly

28

1   impracticable, overly expensive and inefficient. The class consists of individuals who sought an initial

2   review, but opted against seeking an administrative review, in part, Plaintiff believes because of the

3   amount of time and effort required to contest citations. Plaintiff knows of no difficulty that will be

4   encountered in the management of this litigation that would preclude its maintenance as a class action.

5       115.   **Injunctive and Declaratory Relief.**  Defendants' wrongful actions as alleged herein

6   are uniform as to all members of the Class.  Defendants have acted or refused to act on grounds that

7   apply generally to the Class, so that final injunctive or declaratory relief is appropriate with respect to

8   the Class as a whole.

9

10                              **FIRST CAUSE OF ACTION**
                      **Violation of Due Process Rights and Cal. Gov't Code §815.6**
11                                 **(Against All City Defendants)**

12      116.   Plaintiff hereby incorporates by reference each of the preceding allegations as though

    fully set forth therein.

13

14      117.   The City is aware of Plaintiff and Class members' contentions, as the City has received

15  written protests and oral presentations from Plaintiff and Class members.

16      118.   Plaintiff has exhausted all available administrative remedies.

17      119.   On April 8, 2013, Plaintiff filed a Notice of Claim with the Clerk of City.

18      120.   On April 15, 2013, the Clerk of the City acknowledged receipt of Plaintiff's Notice of

19  Claim in writing and assigned Claim No. C13-3786.

20      121.   On April 17, 2013, the Los Angeles City Attorney rejected Plaintiff's claim in writing.

21      122.   Members of the Class have exhausted all of available administrative remedies,

    including raising common factual and legal issues in administrative proceedings, to the City.

22

23      123.   Moreover, the City is incapable of granting an adequate remedy through any

    administrative process on a class-wide basis, as the City's administrative processes only allow for the

24  processing of individual citations.

25      124.   The City has refused and continues to refuse to comply with mandatory statutory

26  obligations as set forth above.

27

28

___

125. The City "continues to deliberately flout the law" in failing to adhere requirements and due process protections specified in the California Vehicle Code.

126. The City's above-described conduct violates Plaintiff's and the Class' constitutional due process rights, guaranteed under both the Fourteen Amendment of the United States Constitution and Article 1, Section 7(a) of the California Constitution.

127. The City's above-described deprived Plaintiff's and the Class' of their money and property, their right to full and free enjoyment of said property, without due process of law, guaranteed under both United States Constitution and the California Constitution

128. The City's above-described conduct violates Cal. Gov't Code §815.6, which provides:

815.6. Where a public entity is under a mandatory duty imposed by an enactment that is designed to protect against the risk of a particular kind of injury, the public entity is liable for an injury of that kind proximately caused by its failure to discharge the duty unless the public entity establishes that it exercised reasonable diligence to discharge the duty.

129. The City's actions have resulted, and will continue to result, in economic injuries to Plaintiff and Class Members, including confiscatory fines and excessive costs expended to obtain the Vehicle Code's mandated review (i.e., appearing in person for an administrative review, paying the citation fee as a bond, transportation and parking costs, and taking time away from other gainful opportunities).

130. As a result of the foregoing, Plaintiff, on behalf of the Class petitions this Court to declare the City's conduct unlawful and unconstitutional and to grant all necessary and proper relief available in the circumstances; including refunds and appropriate restitution; monetary, injunctive and declaratory relief as deemed necessary and appropriate; reasonable attorneys' fees and costs.

## SECOND CAUSE OF ACTION
### Violation of 42 U.S.C. § 1983
### (Against The City Defendants)

131. Plaintiff hereby incorporates by reference each of the preceding allegations as though fully set forth herein.

132. The claim only seeks remedies available under Section 1983 that are not otherwise available in the United States District Court.

133.   At all times relevant to this Complaint, including the time surrounding Plaintiff's requesting of an initial review, the City was acting under color of law in its capacity as a municipality.

134.   At all times relevant to this complaint, including the time surrounding Plaintiff's requesting of an initial review, Xerox was acting under color of law in its capacity as operator of the PVB and in its capacity in providing a Parking Management Support System.

135.   The City's conduct directly deprived Plaintiff, as well as other Class members, of their statutorily conferred right to request and receive an initial review of a parking citation, as well as the right to receive the results of the initial review and City's reasons if the citation is deemed valid.

136.   By denying Plaintiff and other Class members of the statutory rights conferred under Cal. Vehicle Code §40215(a), the City failed to provide Plaintiff and other Class members with notice or a right to be heard, as required by said statute.  As such, Defendants violated the Due Process Clause of the Fourteenth Amendment of the United States Constitution.

137.   Moreover, as explained in more detail above, by refusing to provide Plaintiff and other Class members with their statutorily conferred benefits under Cal. Vehicle Code §40215(a), Plaintiff and other class members were stripped of the significant substantive and procedural due process benefits to which they are entitled, and thus Defendants violated Plaintiff's and other Class members' due process rights.

138.   The City's decision to not engage in good-faith reviews of informal citation reviews is adjudicative in nature.

139.   The administrative review available after an informal review is not a satisfactory alternative, as the administrative review process attaches a financial burden and risk to the exercise of the hearing right that effectively denies many a right to the hearing itself.

140.   The City's interest in discouraging unsuccessful parking citation reviews is not a legitimate interest in denying Plaintiff and Class Members' a meaningful review.

141.   Based on these predicate or underlying constitutional violations, Defendants are liable to Plaintiff and all Class members under 42 U.S.C. § 1983. Plaintiff seeks appropriate monetary relief,

1    including but not limited to restitution and a refund of any fines paid, injunctive and declaratory relief

2    as well as reasonable attorneys' fees and costs.

3                            **THIRD CAUSE OF ACTION**
                      **Violation of Bane Act – Cal. Civ. Code § 52.1**
4

5        142.    Plaintiff hereby incorporates by reference each of the preceding allegations as though

6    fully set forth herein.

7        143.    Defendants, acting in concert and by way of conspiracy, through threatening,

8    intimidating, and coercive conduct attempted to interfere, did interfere and continue to interfere

9    with Plaintiff and Class members exercise and enjoyment of rights guaranteed by the United States

10   and California Constitutions and the laws of the State of California, including the right to due

11   process, rights to fair and effective review of parking citations under Vehicle Code section 40200,

12   *et seq.*, and rights to property, the use and enjoyment thereof, and to move about.

13       144.    As a result of such conduct, Plaintiff and Class members reasonably believed that if

14   they exercised their rights to review of their parking citations, that the Defendants would commit

15   violence against Plaintiff and their property, including the imposition of fines, penalties and fees,

16   impoundment of Plaintiff's vehicle, adverse credit reporting, DMV registration holds on Plaintiff's

17   vehicle, and other adverse actions, thus interfering with Plaintiff's money, property and ability to

18   move about.

19       145.    Defendants' conduct injured Plaintiff's property, including, but not limited to, the

20   confiscatory fines and excessive costs expended to obtain the Vehicle Code's mandated review (i.e.,

21   appearing in person for an administrative review, paying the citation fee as a bond, transportation and

22   parking costs, and taking time away from other gainful opportunities).

23       146.    Plaintiff has been harmed by Defendants' conduct by being forced to pay fines, fees

24   and penalties in order to receive the review guaranteed to Plaintiff under the Vehicle Code.

25       147.    Class members have been harmed by Defendants' conduct by, among other ways,

26   being forced to forgo review of their citations and pay fines, fees and penalties without such review, by

27   having DMV registration holds placed on their vehicles, by having their vehicles booted and towed,

28   and by having collection actions taken against them, including adverse credit reporting.

---

CLASS ACTION COMPLAINT                    22

148.   The Defendants' conduct was a substantial factor in causing such harm.

### FOURTH CAUSE OF ACTION
**Violation of California Business & Professions Code § 17200 *et seq.***
**(Against Defendant Xerox)**

149.   Plaintiff hereby incorporates by reference each of the preceding allegations as though fully set forth herein.

150.   Plaintiff brings this action individually and on behalf of the Class pursuant to § 17200 *et. seq.* of the Bus. & Prof. Code, the Unfair Competition Act ("UCL").

151.   Plaintiff brings this claim on behalf of the Class pursuant to Bus. & Prof. Code § 17204 which prohibits unfair competition, defined as "any unlawful, unfair or fraudulent business act or practice."

152.   Plaintiff continues to park in City-owned and managed parking spaces, and as such, is at risk of receiving another parking citation from the City in the future.

153.   The acts and conduct of Defendant Xerox as alleged throughout this Complaint, and in each cause of action above, constitute unlawful, unfair, and / or fraudulent business practices, and thereby violates § 17200 *et. seq.* of the Bus. & Prof. Code.

154.   In addition, Defendant Xerox has committed unlawful, unfair, and / or fraudulent business acts and practices by systematically circumventing the protections and requirements of the California Vehicle Code by simply sending form letters with inadequate explanations to challenging alleged violators, in violation of a mandatory duty provided by Cal. Vehicle Code §40215(a).

155.   Defendant Xerox has a practice and pattern of breaching its mandatory duties under Cal. Vehicle Code §40215(a). Xerox sends challenging motorists' form letters with inadequate explanations, rather than sending initial review requests to the City. Such conduct is contrary to the requirements of Cal. Vehicle Code §40215(a). Upon information and belief, such violations of protected statutory rights constitutes violations of the unlawful, unfair, and / or fraudulent prongs of Section 17200 of the California Business & Professions Code.

156.   Defendants' conduct is unlawful in that it violates, *inter alia*, Cal. Vehicle Code §40215(a) and 42 U.S.C. §1983. Defendants' conduct is unfair in that it offends established public

1  policy and/or is immoral, unethical, oppressive, unscrupulous and/or substantially injurious to Plaintiff

2  and Class members.   The harm to Plaintiff and Class members arising from Defendants' conduct

3  outweighs any legitimate benefit Defendants derived from the conduct.   Defendants' conduct

4  undermines and violates the stated spirit and policies underlying Cal. Vehicle Code §40215(a) and 42

5  U.S.C. §1983 as alleged herein.

6       157.   Defendants' actions and practices constitute "fraudulent" business practices in

7  violation of the UCL because, among other things, they are likely to deceive reasonable consumers.

8  Plaintiff relied on Defendants' representations, omissions, and obligation to follow the law.

9       158.   As a direct and proximate result of Defendant's violations, Plaintiff suffered injury in

10  fact, damages, and lost money.

11       159.   The unlawful, unfair, and / or fraudulent business practices, as described above, present

12  a continuing threat to the public in that Xerox will continue to deny citizens their statutorily conferred

13  benefits unless enjoined. Unless enjoined the risk of further injury to the Class in the future remains.

14       160.   Accordingly, Plaintiff and the Class are entitled to an injunction and other equitable

15  relief, including restitution, and any other appropriate relief authorized by Section 17200 *et seq.* of the

16  California Business & Professions Code. Plaintiff and the Class are also entitled to reasonable

17  attorneys' fees and costs pursuant to Code of Civil Procedure section 1021.5 as, among other things,

18  this action will result in the enforcement of important rights affecting the public interest and confer

19  significant benefits, whether pecuniary or nonpecuniary on the general public or a large class of

20  persons.

## PRAYER FOR RELIEF

       WHEREFORE, Plaintiff Liza Youssefyeh, as an individual and on behalf of those
similarly situated, prays for relief and judgment against Defendants, jointly and severally, as follows:

       A.   For an order certifying the class and any appropriate subclasses thereof and appointing
Plaintiff Liza Youssefyeh and her counsel to represent the Class in this litigation;

       B.   For actual damages;

       C.   For nominal damages;

1    D.    For restitution from Defendant Xerox as requested above;

2    E.    For payment of attorney's fees and costs, including those recoverable pursuant to

3    California Code of Civil Procedure § 1021.5, and/or pursuant to the "common fund" doctrine and/or

4    pursuant to equitable principles or contribution and/or other applicable method of awarding attorney's

5    fees and costs in class actions;

6    F.    For any such further relief as may be permitted by law and/or that this Court deems

7    equitable, just and proper.

8                              **JURY TRIAL DEMANDED**

9        Plaintiff seeks a trial by jury for all appropriate issues on each and every cause of action in

10   this Complaint that allows for it.

11                                  Respectfully submitted,

12                                  RIDOUT LYON + OTTOSON, LLP

13   Dated:  October 17, 2013    By:

14                                  CALEB LH MARKER, (Bar No. 269721)
                                    c.marker@rlollp.com
15                                  CHRISTOPHER P. RIDOUT, (Bar No. 143931)
                                    c.ridout@rlollp.com
16                                  555 E. Ocean Blvd., Suite 500
                                    Long Beach, CA 90802
17                                  (562) 216-7380 Telephone
                                    (562) 216-7385 Facsimile

18                                  AHDOOT & WOLFSON, P.C.
19                                  ROBERT AHDOOT (Bar No. 172098)
                                    rahdoot@ahdootwolfson.com
20                                  THEODORE MAYA, (Bar No. 223242)
                                    tmaya@ahdootwolfson.com
21                                  1016 Palm Ave
                                    Los Angeles, CA 90069
22                                  (310) 474-9111 Telephone
                                    (310) 474-8585 Facsimile

23                                  ZIMMERMAN REED, PLLP
24                                  BRADLEY C. BUHROW (Bar No. 283791)
                                    E-mail: Brad.Buhrow@zimmreed.com
25                                  14646 N. Kierland Blvd., Suite 145
                                    Scottsdale, AZ 85254
26                                  (480) 348-6400 Telephone
                                    (480) 348-6415 Facsimile

27                                  Attorneys for Plaintiff, LIZA YOUSSEFYEH

28

CLASS ACTION COMPLAINT                    25

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

| | | |
|---|---|---|
| DATE: 10/29/13 | | DEPT. 308 |
| HONORABLE JANE JOHNSON | JUDGE M. CERVANTES | DEPUTY CLERK |
| HONORABLE | JUDGE PRO TEM | ELECTRONIC RECORDING MONITOR |
| C. CONCEPCION, C.A. | Deputy Sheriff NONE | Reporter |

| | |
|---|---|
| BC524979 | Plaintiff Counsel |
| LIZA YOUSSEFYEH | |
| VS | Defendant Counsel |
| THE CITY OF LA ET AL | NO APPEARANCES |

NATURE OF PROCEEDINGS:

COURT ORDER REGARDING NEWLY FILED CLASS ACTION

By this order, the Court determines this case to be Complex according to Rule 3.400 of the California Rules of Court. The Clerk's Office has randomly assigned this case to this department for all purposes.

By this order, the Court stays the case, except for service of the Summons and Complaint. The stay continues at least until the Initial Status Conference. Initial Status Conference is set for January 14, 2014, at 9:30 a.m. in Department 308. At least 10 days prior to the Initial Status Conference, counsel for all parties must discuss the issues set forth in the Initial Status Conference Order issued this date. The Initial Status Conference Order is to help the Court and the parties manage this complex case by developing an orderly schedule for briefing, discovery, and court hearings. The parties are informally encouraged to exchange documents and information as may be useful for case evaluation.

Responsive pleadings shall not be filed until further Order of the Court. Parties must file a Notice of Appearance in lieu of an Answer or other responsive pleading. The filing of a Notice of Appearance shall not constitute a waiver of any substantive or procedural challenge to the Complaint. Nothing in this order stays the time for filing an Affidavit of

Page   1 of   3   DEPT. 308

MINUTES ENTERED
10/29/13
COUNTY CLERK

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

DATE: 10/29/13                                                      DEPT. 308

HONORABLE JANE JOHNSON          JUDGE  M. CERVANTES          DEPUTY CLERK

HONORABLE                        JUDGE PRO TEM               ELECTRONIC RECORDING MONITOR

     C. CONCEPCION, C.A.   Deputy Sheriff  NONE                    Reporter

BC524979                                Plaintiff
                                        Counsel
LIZA YOUSSEFYEH
                                        Defendant
            VS                          Counsel
THE CITY OF LA ET AL
                                           NO APPEARANCES

NATURE OF PROCEEDINGS:

Prejudice pursuant to Code of Civil Procedure Section 170.6.

According to Government Code Section 70616 subdivisions (a) and (b), each party shall pay a fee of $1,000.00 to the Los Angeles Superior Court within 10 calendar days from this date.

The plaintiff must serve a copy of this minute order on all parties forthwith and file a Proof of Service in this department within seven days of service.

Counsel are directed to access the following link for information on procedures in the Complex Litigation Program courtrooms:

http://courtnet/internet/civil/UI/ToolsForLitigators2.aspx

                CLERK'S CERTIFICATE OF MAILING

I, the below-named Executive Officer/Clerk of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served this Minute Order and Initial Status Conference Order upon each party or counsel named below by placing the document for collection and mailing so as to cause it to be deposited in the United States mail at the courthouse in Los Angeles, California, one copy of the original filed/entered

              Page   2 of   3   DEPT. 308

MINUTES ENTERED
10/29/13
COUNTY CLERK

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

| | | |
|---|---|---|
| DATE: 10/29/13 | | DEPT. 308 |
| HONORABLE JANE JOHNSON | JUDGE | M. CERVANTES DEPUTY CLERK |
| HONORABLE | JUDGE PRO TEM | ELECTRONIC RECORDING MONITOR |
| C. CONCEPCION, C.A. | Deputy Sheriff | NONE Reporter |

| | |
|---|---|
| BC524979 | Plaintiff Counsel |
| LIZA YOUSSEFYEH | |
| | Defendant Counsel |
| VS THE CITY OF LA ET AL | |
| | NO APPEARANCES |

NATURE OF PROCEEDINGS:

herein in a separate sealed envelope to each address as shown below with the postage thereon fully prepaid, in accordance with standard court practices.

Dated:  October 29, 2013

Sherri R. Carter, Executive Officer/Clerk

By:  _M. Cervantes_
        M. Cervantes, Deputy Clerk

ZIMMERMAN REED, PLLP
Bradley C. Buhrow
14646 N. Kierland Blvd., Suite 145
Scottsdale, ZA 85254

MINUTES ENTERED
10/29/13
COUNTY CLERK

FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF LOS ANGELES

OCT 2 9 2013

Sherri R. Carter, Executive Officer/Clerk
BY _____, Deputy
Martha Cervantes

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF LOS ANGELES

CENTRAL DISTRICT

| | |
|---|---|
| LIZA YOUSSEFYEH,<br><br>Plaintiff,<br><br>vs.<br><br>THE CITY OF LOS ANGELES; et al.,<br><br>Defendants. | Case No.: BC524979<br><br>INITIAL STATUS CONFERENCE ORDER<br>(COMPLEX LITIGATION PROGRAM)<br><br>Case Assigned for All Purposes to<br>Judge Jane L. Johnson<br><br>Department: 308<br>Date:  January 14, 2014<br>Time:  9:30 a.m. |

This case has been assigned for all purposes to Judge Jane L. Johnson in the Complex

Litigation Program. An Initial Status Conference is set for January 14, 2014, at 9:30 a.m. in

Department 308 located in the Central Civil West Courthouse at 600 South Commonwealth

Avenue, Los Angeles, California 90005.   Counsel for all parties are ordered to attend.

The court orders counsel to prepare for the Initial Status Conference by identifying and

discussing the central legal and factual issues in the case.  Counsel for plaintiff is ordered to

initiate contact with counsel for defense to begin this process. Counsel then must negotiate and

agree, as much as possible, on a case management plan.  To this end, counsel must file a Joint

Initial Status Conference Class Action Response Statement five court days before the Initial Status

Conference.  The Joint Response Statement must be filed on line-numbered pleading paper and

INITIAL STATUS CONFERENCE ORDER (CLASS ACTION)

must specifically answer each of the below-numbered questions. Do not use the use the Judicial Council Form CM-110 (Case Management Statement).

**1. PARTIES AND COUNSEL:** Please list all presently-named class representatives and presently-named defendants, together with all counsel of record, including counsel's contact and email information.

**2. POTENTIAL ADDITIONAL PARTIES:** Indicate whether any plaintiff presently intends to add additional class representatives, and , if so, the name(s) and date by which these class representatives will be added. Indicate whether any plaintiff presently intends to name additional defendants, and, if so, the name(s) and date by which the defendant(s) will be added. Indicate whether any appearing defendant presently intends to file a cross-complaint and, if so, the names of cross-defendants and the date by which the cross-complaint will be filed.

**3. IMPROPERLY NAMED DEFENDANT(S):** If the complaint names the wrong person or entity, please explain why the named defendant is improperly named and the proposed procedure to correct this error.

**4. ADEQUACY OF PROPOSED CLASS REPRESENTATIVE(S):** If any party believes one or more named plaintiffs might not be an adequate class representative, including reasons of conflict of interest as described in Apple Computer v. The Superior Court of Los Angeles County (2005) 126 Cal.App.4th 1253, please explain. No prejudice will attach to these responses.

**5. ESTIMATED CLASS SIZE:** Please discuss and indicate the estimated class size.

**6. OTHER ACTIONS WITH OVERLAPPING CLASS DEFINITIONS:** Please list other cases with overlapping class definitions. Please identify the court, the short caption title, the docket number, and the case status.

**7. POTENTIALLY RELEVANT ARBITRATION AND/OR CLASS ACTION WAIVER CLAUSES:** Please state whether arbitration is an issue in this case and attach a sample of any

-2-

INITIAL STATUS CONFERENCE ORDER(CLASS ACTION)

relevant clause of this sort.   Opposing parties must summarize their views on this issue.

**8. POTENTIAL EARLY CRUCIAL MOTIONS:**  Opposing counsel should identify and describe the significant core issues in the case, and then identify efficient ways to resolve those issues, including one or more of the following:

- ■ Motion to Compel Arbitration,
- ■ Early motions in limine,
- ■ Early motions about particular jury instructions and verdict forms,
- ■ Demurrers,
- ■ Motions to strike,
- ■ Motions for judgment on the pleadings, and
- ■ Motions for summary judgment and summary adjudication.

**NOTE: Effective 2012, by stipulation a party may move for summary adjudication of a legal issue or a claim for damages that does not completely dispose of a cause of action, an affirmative defense, or an issue of duty[1].  Counsel are to analyze, discuss, and report on the relevance of this powerful new procedure.**

**9. CLASS CONTACT INFORMATION:**  Counsel should discuss whether obtaining class contact information from defendant's records is necessary in this case and, if so, whether the parties consent to an "opt-out" notice process (as approved in *Belaire-West Landscape, Inc. v. Superior Court* (2007) 149 Cal.App.4th 554, 561).  Counsel should address timing and procedure, including allocation of cost and the necessity of a third party administrator.

**10. PROTECTIVE ORDERS:**  Parties considering an order to protect confidential information from general disclosure should begin with the model protective orders found on the Los Angeles

---

[1]See Code Civ. Proc. § 437c, subd. (s)

-3-

INITIAL STATUS CONFERENCE ORDER(CLASS ACTION)

Superior Court Website under "Civil Tools for Litigators."

**11. DISCOVERY:** Please discuss a discovery plan. If the parties cannot agree on a plan, summarize each side's views on discovery. The court generally allows discovery on matters relevant to class certification, which (depending on circumstances) may include factual issues also touching the merits. The court generally does not permit extensive or expensive discovery relevant only to the merits (for example, detailed damages discovery) at the initial stage unless a persuasive showing establishes early need. If any party seeks discovery from absent class members, please estimate how many, and also state the kind of discovery you propose[2].

**12. INSURANCE COVERAGE:** Please state if (1) there is insurance for indemnity or reimbursement, and (2) whether there are any insurance coverage issues which might affect settlement.

**13. ALTERNATIVE DISPUTE RESOLUTION:** Please discuss ADR and state each party's position about it. If pertinent, how can the court help identify the correct neutral and prepare the case for a successful settlement negotiation?

**14. TIMELINE FOR CASE MANAGEMENT:** Please recommend dates and times for the following:

- ■ The next status conference,
- ■ A schedule for alternative dispute resolution, if it is relevant,
- ■ A filing deadline for the motion for class certification, and
- ■ Filing deadlines and descriptions for other anticipated non-discovery motions.

**15. ELECTRONIC SERVICE OF PAPERS:** For efficiency the complex program requires the parties in every new case to use a third-party cloud service, such as:

---

[2] See California Rule of Court, Rule 3.768.

-4-

1   - Case Anywhere (www.caseanywhere.com),

2   - CaseHomePage (www.casehomepage.com), or

3   - File & Serve Express (www.lexisnexis.com/fileandserve).

4   Please agree on one and submit the parties' choice when filing the Joint Initial Status

5   Conference Class Action Response Statement. If there is agreement, please identify the vendor. If

6   parties cannot agree, the court will select the vendor at the Initial Status Conference. Electronic

7   service is not the same as electronic filing. Only traditional methods of filing by physical delivery

8   

9   of original papers or by fax filing are presently acceptable.

10   **Reminder When Seeking To Dismiss Or To Obtain Settlement Approval:**

11   "A dismissal of an entire class action, or of any party or cause of action in a class action, requires

12   court approval. . . . Requests for dismissal must be accompanied by a declaration setting forth the

13   facts on which the party relies. The declaration must clearly state whether consideration, direct or

14   indirect, is being given for the dismissal and must describe the consideration in detail."[3] If the

15   parties have settled the class action, that too will require judicial approval based on a noticed

16   

17   motion (although it may be possible to shorten time by consent for good cause shown).

18   **Reminder When Seeking Approval of a Settlement:**

19   Plaintiff(s) must address the issue of any fee splitting agreement in their motion for preliminary

20   approval and demonstrate compliance with California Rule of Court 3.769, and the Rules of

21   Professional Conduct 2-200(a) as required by Mark v. Spencer (2008) 166 Cal.App. 4th 219.

22   Pending further order of this Court, and except as otherwise provided in this Initial Status

23   Conference Order, ***these proceedings are stayed in their entirety***. This stay precludes the filing of

24   

25   any answer, demurrer, motion to strike, or motions challenging the jurisdiction of the Court;

26   

27   [3] California Rule of Court, Rule 3.770(a)

28   

-5-

INITIAL STATUS CONFERENCE ORDER(CLASS ACTION)

1   however, any defendant may file a Notice of Appearance for purposes of identification of counsel

2   and preparation of a service list. The filing of such a Notice of Appearance is without prejudice to

3   any challenge to the jurisdiction of the Court, substantive or procedural challenges to the

4   Complaint, without prejudice to any affirmative defense, and without prejudice to the filing of any

5   cross-complaint in this action. This stay is issued to assist the Court and the parties in managing

6   this "complex" case through the development of an orderly schedule for briefing and hearings on

7
8   procedural and substantive challenges to the complaint and other issues that may assist in the

9   orderly management of these cases.  This stay does not preclude the parties from informally

10   exchanging documents that may assist in their initial evaluation of the issues presented in this

11   case, however it stays all outstanding discovery requests.

12         Plaintiff's counsel is directed to serve a copy of this Initial Status Conference Order along

13   with a copy of the attached Guidelines for Motions for Preliminary and Final Approval of Class

14
15   Settlement on counsel for all parties, or if counsel has not been identified, on all parties, within

16   five (5) days of service of this order. If any defendant has not been served in this action, service is

17   to be completed within twenty (20) days of the date of this order.

18   If all parties have been served, have conducted the required meet and confer, and are ready to fully

19   participate in the status conference prior to the assigned date, counsel may contact the clerk of

20   Department 308 and request an earlier date for the Initial Status Conference.

21

22

23   Dated:   October 29, 2013

24

25                           Judge Jane L. Johnson

26

27

28                              -6-

CM-015

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Caleb Marker, Esq.<br>RIDOUT LYON + OTTOSON, LLP<br>555 E. Ocean Blvd., Suite 500<br>Long Beach, CA 90802<br>TELEPHONE NO.: (562) 216-7381    FAX NO. *(Optional):* (562) 216-7385<br>E-MAIL ADDRESS *(Optional):* c.marker@rlollp.com<br>ATTORNEY FOR *(Name):* Plaintiff | RECEIVED<br>JAN 21 2014<br>·ᴿᴱSS AND COMPLEX LITIGATᴵᴼᴺ· |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF  Los Angeles
STREET ADDRESS: 600 S. Commonwealth Ave.
MAILING ADDRESS: Same
CITY AND ZIP CODE: Los Angeles, CA 90005
BRANCH NAME: CCW

| PLAINTIFF/PETITIONER: Youssefyeh | CASE NUMBER: BC524979 |
|---|---|
| DEFENDANT/RESPONDENT: The City of Los Angeles | JUDICIAL OFFICER: |
| **NOTICE OF RELATED CASE** | DEPT.: 308 |

*Identify, in chronological order according to date of filing, all cases related to the case referenced above.*

1.  a. Title: Cody Weiss v. The City of Los Angeles
    b. Case number:  BS141354
    c. Court: ☑  same as above
              ☐  other state or federal court *(name and address):*
    d. Department: D85
    e. Case type: ☐ limited civil ☑ unlimited civil ☐ probate ☐ family law ☐ other *(specify):*
    f. Filing date: January 18, 2013
    g. Has this case been designated or determined as "complex?" ☐ Yes ☐ No
    h. Relationship of this case to the case referenced above *(check all that apply):*
       ☐ involves the same parties and is based on the same or similar claims.
       ☐ arises from the same or substantially identical transactions, incidents, or events requiring the determination of the same or substantially identical questions of law or fact.
       ☐ involves claims against, title to, possession of, or damages to the same property.
       ☐ is likely for other reasons to require substantial duplication of judicial resources if heard by different judges.
          ☐ Additional explanation is attached in attachment 1h
    i. Status of case:
       ☑ pending
       ☐ dismissed ☐ with ☐ without prejudice
       ☐ disposed of by judgment

2.  a. Title:
    b. Case number:
    c. Court: ☐ same as above
              ☐ other state or federal court *(name and address):*
    d. Department:

Form Approved for Optional Use
Judicial Council of California
CM-015 [Rev. July 1, 2007]

**NOTICE OF RELATED CASE**

Cal. Rules of Court, rule 3.300
*www.courtinfo.ca.gov*

CM-015

| PLAINTIFF/PETITIONER: Youssefyeh | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: The City of Los Angeles | BC524979 |

2. *(continued)*

   e.  Case type: ☐ limited civil ☐ unlimited civil ☐ probate ☐ family law ☐ other *(specify):*

   f.  Filing date:

   g.  Has this case been designated or determined as "complex?" ☐ Yes ☐ No

   h.  Relationship of this case to the case referenced above *(check all that apply):*

       ☐ involves the same parties and is based on the same or similar claims.

       ☐ arises from the same or substantially identical transactions, incidents, or events requiring the determination of the same or substantially identical questions of law or fact.

       ☐ involves claims against, title to, possession of, or damages to the same property.

       ☐ is likely for other reasons to require substantial duplication of judicial resources if heard by different judges.

          ☐ Additional explanation is attached in attachment 2h

   i.  Status of case:

       ☐ pending

       ☐ dismissed ☐ with ☐ without prejudice

       ☐ disposed of by judgment

3.  a.  Title:

   b.  Case number:

   c.  Court: ☐ same as above

       ☐ other state or federal court *(name and address):*

   d.  Department:

   e.  Case type: ☐ limited civil ☐ unlimited civil ☐ probate ☐ family law ☐ other *(specify):*

   f.  Filing date:

   g.  Has this case been designated or determined as "complex?" ☐ Yes ☐ No

   h.  Relationship of this case to the case referenced above *(check all that apply):*

       ☐ involves the same parties and is based on the same or similar claims.

       ☐ arises from the same or substantially identical transactions, incidents, or events requiring the determination of the same or substantially identical questions of law or fact.

       ☐ involves claims against, title to, possession of, or damages to the same property.

       ☐ is likely for other reasons to require substantial duplication of judicial resources if heard by different judges.

          ☐ Additional explanation is attached in attachment 3h

   i.  Status of case:

       ☐ pending

       ☐ dismissed ☐ with ☐ without prejudice

       ☐ disposed of by judgment

4.  ☐ Additional related cases are described in Attachment 4. Number of pages attached: _____

Date: January 17, 2014

Caleb Marker, Esq.
      (TYPE OR PRINT NAME OF PARTY OR ATTORNEY)        ▶                         (SIGNATURE OF PARTY OR ATTORNEY)

## PROOF OF SERVICE

RE:   **YOUSSEFYEH v. THE CITY OF LOS ANGELES**
      **(Case No. BC524979)**

   I am a citizen of the United States and employed in the County of Los Angeles, State of California.  I am over eighteen (18) years of age and not a party to the above-entitled action.  My business address is CONSUMER LAW CENTER, PLLC., 555 E. Ocean Boulevard, Suite 500, Long Beach, CA 90802.

   On **January 17, 2014**, I served the foregoing document(s) described as:

- **NOTICE OF RELATED CASE**

   on the interested parties by placing a true and correct copy thereof in a sealed envelope(s) addressed as follows:

### SEE ATTACHED PROOF OF SERVICE LIST

   **VIA FEDEX:**
            By delivering such document(s) to an overnight mail service or an authorized courier in a sealed envelope or package designated by the express service courier addressed to the person(s) on whom it is to be served.

x   **VIA U.S. MAIL:**
            I am readily familiar with the firm's practice of collection and processing of correspondence for mailing.  Under the practice such sealed envelope(s) would be deposited with the U.S. postal service on **January 17, 2014** with postage thereon fully prepaid, as Long Beach, California.

   **VIA PERSONAL DELIVERY:**
            I personally delivered such sealed envelope(s) by hand to the offices of the addressee(s) pursuant to CCP § 1011.

   I declare under penalty of perjury under the laws of the United States that the above is true and correct.

   Executed on **January 17, 2014**, at Long Beach, California.

                                          MARISA ACEDO

PROOF OF SERVICE

1

<u>**PROOF OF SERVICE LIST**</u>

| | |
|---|---|
| Gerald M. Sato, Deputy City Attorney<br>Gerald.Sota@lacity.org<br>**THE CITY OF LOS ANGELES**<br>200 N. Spring Street, Room 216<br>Los Angeles, CA 90012<br>(213) 473-6875 Telephone<br>(213) 473-6818 Facsimile<br><br>*Attorney for Defendants,*<br>**THE CITY OF LOS ANGELES, AND**<br>**THE CITY OF LOS ANGELES**<br>**DEPARTMENT OF TRANSPORTATION** | Tara M. Jacobson, Esq.<br>Jacobson@brownlawgroup.com<br>**BROWN LAW GROUP ALC**<br>600 B. Street, Suite 1650<br>San Diego, CA 92101<br>(619) 330-1700 Telephone<br>(619) 330-1701 Facsimile<br><br>*Attorney for Defendant,*<br>**XEROX BUSINESS SERVICES, LLC**<br>**(Named in the Complaint as, ACS STATE**<br>**& LOCAL SOLUTIONS, INC.)** |

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PROOF OF SERVICE

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

| | | |
|---|---|---|
| DATE: 10/29/13 | | DEPT. 308 |
| HONORABLE JANE JOHNSON | JUDGE | M. CERVANTES   DEPUTY CLERK |
| HONORABLE | JUDGE PRO TEM | ELECTRONIC RECORDING MONITOR |
| C. CONCEPCION, C.A.   Deputy Sheriff | NONE | Reporter |

| | |
|---|---|
| BC524979 | Plaintiff Counsel |
| LIZA YOUSSEFYEH | |
| | Defendant Counsel |
| VS | |
| THE CITY OF LA ET AL | NO APPEARANCES |

NATURE OF PROCEEDINGS:

COURT ORDER REGARDING NEWLY FILED CLASS ACTION

By this order, the Court determines this case to be Complex according to Rule 3.400 of the California Rules of Court. The Clerk's Office has randomly assigned this case to this department for all purposes.

By this order, the Court stays the case, except for service of the Summons and Complaint. The stay continues at least until the Initial Status Conference. Initial Status Conference is set for January 14, 2014, at 9:30 a.m. in Department 308. At least 10 days prior to the Initial Status Conference, counsel for all parties must discuss the issues set forth in the Initial Status Conference Order issued this date. The Initial Status Conference Order is to help the Court and the parties manage this complex case by developing an orderly schedule for briefing, discovery, and court hearings. The parties are informally encouraged to exchange documents and information as may be useful for case evaluation.

Responsive pleadings shall not be filed until further Order of the Court. Parties must file a Notice of Appearance in lieu of an Answer or other responsive pleading. The filing of a Notice of Appearance shall not constitute a waiver of any substantive or procedural challenge to the Complaint. Nothing in this order stays the time for filing an Affidavit of

Page   1 of   3   DEPT. 308

MINUTES ENTERED
10/29/13
COUNTY CLERK

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

| | |
|---|---|
| DATE: 10/29/13 | DEPT. 308 |

| HONORABLE JANE JOHNSON | JUDGE | M. CERVANTES | DEPUTY CLERK |
|---|---|---|---|
| HONORABLE | JUDGE PRO TEM | | ELECTRONIC RECORDING MONITOR |
| 7 | | | |
| C. CONCEPCION, C.A. | Deputy Sheriff | NONE | Reporter |

| | | |
|---|---|---|
| BC524979 | Plaintiff Counsel | |
| LIZA YOUSSEFYEH | Defendant Counsel | |
| VS | | |
| THE CITY OF LA ET AL | | NO APPEARANCES |

NATURE OF PROCEEDINGS:

Prejudice pursuant to Code of Civil Procedure Section 170.6.

According to Government Code Section 70616 subdivisions (a) and (b), each party shall pay a fee of $1,000.00 to the Los Angeles Superior Court within 10 calendar days from this date.

The plaintiff must serve a copy of this minute order on all parties forthwith and file a Proof of Service in this department within seven days of service.

Counsel are directed to access the following link for information on procedures in the Complex Litigation Program courtrooms:

http://courtnet/internet/civil/UI/
ToolsForLitigators2.aspx

CLERK'S CERTIFICATE OF MAILING

I, the below-named Executive Officer/Clerk of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served this Minute Order and Initial Status Conference Order upon each party or counsel named below by placing the document for collection and mailing so as to cause it to be deposited in the United States mail at the courthouse in Los Angeles, California, one copy of the original filed/entered

MINUTES ENTERED
10/29/13
COUNTY CLERK

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

| | | |
|---|---|---|
| DATE: 10/29/13 | | DEPT. 308 |
| HONORABLE JANE JOHNSON | JUDGE | M. CERVANTES   DEPUTY CLERK |
| HONORABLE | JUDGE PRO TEM | ELECTRONIC RECORDING MONITOR |
| 7 C. CONCEPCION, C.A.   Deputy Sheriff | | NONE   Reporter |

| | |
|---|---|
| BC524979 | Plaintiff Counsel |
| LIZA YOUSSEFYEH | Defendant Counsel |
| VS THE CITY OF LA ET AL | NO APPEARANCES |

NATURE OF PROCEEDINGS:

herein in a separate sealed envelope to each address
as shown below with the postage thereon fully prepaid,
in accordance with standard court practices.


Dated:  October 29, 2013

Sherri R. Carter, Executive Officer/Clerk

By: _M. Cervantes_____
         M. Cervantes, Deputy Clerk


ZIMMERMAN REED, PLLP
Bradley C. Buhrow
14646 N. Kierland Blvd., Suite 145
Scottsdale, ZA 85254

Page  3 of  3   DEPT. 308

MINUTES ENTERED
10/29/13
COUNTY CLERK

1   ZIMMERMAN REED PLLP
    BRADLEY C. BUHROW (CA Bar No. 283791)
2     E-mail: Brad.Buhrow@zimmreed.com
    14646 N. Kierland Blvd., Suite 145
3   Scottsdale, Arizona 85254
    (480) 348-6400 Telephone
4   (480) 348-6415 Facsimile

5   AHDOOT & WOLFSON, PC
    ROBERT AHDOOT (Bar No. 172098)
6     E-mail: rahdoot@ahdootwolfson.com
    THEODORE MAYA (Bar No. 223242)
7     Email:  tmaya@ahdootwolfson.com
    1016 Palm Ave.
8   Los Angeles, California 90069
    (310) 474-9111 Telephone
9   (310) 474-8585 Facsimile

10  RIDOUT LYON + OTTOSON, LLP
    CHRISTOPHER P. RIDOUT (Bar No. 143931)
11    Email:  c.ridout@rlollp.com
    CALEB LH MARKER (Bar No. 269721)
12    Email: c.marker@rlollp.com
    555 E. Ocean Boulevard, Suite 500
13  Long Beach, CA  90802
    (562) 216-7380 Telephone
14  (562) 216-7385 Facsimile

15  *Attorneys for Plaintiff Liza Youssefyeh*

16

17                SUPERIOR COURT OF THE STATE OF CALIFORNIA

18                        FOR THE COUNTY OF LOS ANGELES

19  LIZA YOUSSEFYEH, individually and on behalf      CASE NO:     BC524979
    of all others similarly situated,
20                                                   *Assigned for all purposes to the*
                     Plaintiffs,                     *Honorable Jane Johnson*
21
            vs.                                      **NOTICE OF RULING**
22
    THE CITY OF LOS ANGELES; THE CITY OF
23  LOS ANGELES DEPARTMENT OF                        Date:   January 14, 2014
    TRANSPORTATION; XEROX STATE &                    Time:   9:30 a.m.
24  LOCAL SOLUTIONS, INC., a New York                Dept.:  308
    corporation,
25
                     Defendants.
26

27

28

    NOTICE OF RULING                                                              1

1   **TO ALL PARTIES AND THEIR RESPECTIVE COUNSEL OF RECORD:**

2       **PLEASE TAKE NOTICE** that an Initial Status Conference was held on January 14, 2014

3   in Department 308 in the Los Angeles County Superior Court.   Ted Maya, of AHDOOT &

4   WOLFSON, PC, and Caleb LH Marker, of RIDOUT LYON + OTTOSON LLP, appeared on

5   behalf of Plaintiff Liza Youssefyeh.   Tara Jacobson, of the BROWN LAW GROUP, specially

6   appeared on behalf of Defendant Xerox State & Local Solutions, Inc.

7       The Court adjudicated and ruled as follows:

8       1.      Plaintiff shall promptly serve the Complaint and Initial Standing Order on all

9   Defendants;

10      2.      The Initial Status Conference is continued until March 3, 2014 at 11:00 a.m. in

11  Department 308.  Counsel for Plaintiff is responsible for initiating the meet and confer process with

12  Counsel for Defendants and filing the joint status report on or before February 26, 2014.

13      3.      In addition, Counsel for Plaintiff is responsible for filing a notice of related cases on

14  or before February 26, 2014.

15

16  Dated: January 17, 2014                 By:    RIDOUT LYON + OTTOSON, LLP
                                                   _____
17                                                 Christopher P. Ridout, Esq.
                                                   Caleb LH Marker, Esq.
18                                                 555 E. Ocean Boulevard, Suite 500
                                                   Long Beach, CA 90802
19                                                 (562) 216-7380 Telephone
                                                   (562) 216-7385 Facsimile
20                                                 ZIMMERMAN REED PLLP
                                                   Bradley C. Buhrow, Esq.
21                                                 14646 N. Kierland Blvd., Suite 145
                                                   Scottsdale, Arizona 85254
22                                                 (480) 348-6400 Telephone
                                                   (480) 348-6415 Facsimile
23                                                 AHDOOT & WOLFSON, PC
24                                                 Robert Ahdoot, Esq.
                                                   Theodore Maya, Esq.
25                                                 1016 Palm Ave.
                                                   Los Angeles, California 90069
26                                                 (310) 474-9111 Telephone
                                                   (310) 474-8585 Facsimile
27                                                 *Attorneys for Plaintiff*

28

**PROOF OF SERVICE**

RE:   **YOUSSEFYEH v. THE CITY OF LOS ANGELES**
      **(Case No. BC524979)**

     I am a citizen of the United States and employed in the County of Los Angeles, State of California. I am over eighteen (18) years of age and not a party to the above-entitled action. My business address is CONSUMER LAW CENTER, PLLC., 555 E. Ocean Boulevard, Suite 500, Long Beach, CA 90802.

     On **January 17, 2014**, I served the foregoing document(s) described as:

- **NOTICE OF RULING**

     on the interested parties by placing a true and correct copy thereof in a sealed envelope(s) addressed as follows:

**SEE ATTACHED PROOF OF SERVICE LIST**

**VIA FEDEX:**
        By delivering such document(s) to an overnight mail service or an authorized courier in a sealed envelope or package designated by the express service courier addressed to the person(s) on whom it is to be served.

x   **VIA U.S. MAIL:**
        I am readily familiar with the firm's practice of collection and processing of correspondence for mailing. Under the practice such sealed envelope(s) would be deposited with the U.S. postal service on **January 17, 2014** with postage thereon fully prepaid, as Long Beach, California.

**VIA PERSONAL DELIVERY:**
        I personally delivered such sealed envelope(s) by hand to the offices of the addressee(s) pursuant to CCP § 1011.

     I declare under penalty of perjury under the laws of the United States that the above is true and correct.

     Executed on **January 17, 2014**, at Long Beach, California.

                                    MARISA ACEDO

PROOF OF SERVICE

1

<center>**PROOF OF SERVICE LIST**</center>

2

| | |
|---|---|
| Gerald M. Sato, Deputy City Attorney<br>Gerald.Sota@lacity.org<br>**THE CITY OF LOS ANGELES**<br>200 N. Spring Street, Room 216<br>Los Angeles, CA 90012<br>(213) 473-6875 Telephone<br>(213) 473-6818 Facsimile<br><br>*Attorney for Defendants,*<br>**THE CITY OF LOS ANGELES, AND**<br>**THE CITY OF LOS ANGELES**<br>**DEPARTMENT OF TRANSPORTATION** | Tara M. Jacobson, Esq.<br>Jacobson@brownlawgroup.com<br>**BROWN LAW GROUP ALC**<br>600 B. Street, Suite 1650<br>San Diego, CA 92101<br>(619) 330-1700 Telephone<br>(619) 330-1701 Facsimile<br><br>*Attorney for Defendant,*<br>**XEROX BUSINESS SERVICES, LLC**<br>**(Named in the Complaint as, ACS STATE**<br>**& LOCAL SOLUTIONS, INC.)** |

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PROOF OF SERVICE

FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF LOS ANGELES

OCT 2 9 2013 *MC*

Sherri R. Carter, Executive Officer/Clerk
BY _Mcervantes_, Deputy
Martha Cervantes

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF LOS ANGELES

CENTRAL DISTRICT

RECEIVED
JAN 15 2014
~ASS AND COMPLEX LITIGATION

1
2
3
4
5
6
7
8
9  | LIZA YOUSSEFYEH,                        | Case No.: BC524979
10 |            Plaintiff,                    | INITIAL STATUS CONFERENCE ORDER
11 |                                          | (COMPLEX LITIGATION PROGRAM)
   |       vs.                                | Case Assigned for All Purposes to
12 | THE CITY OF LOS ANGELES; et al.,         | Judge Jane L. Johnson
13 |            Defendants.                   | Department: 308
14 |                                          | Date:  January 14, 2014
   |                                          | Time:  9:30 a.m.
15
16
17          This case has been assigned for all purposes to Judge Jane L. Johnson in the Complex

18  Litigation Program. An Initial Status Conference is set for January 14, 2014, at 9:30 a.m. in

19  Department 308 located in the Central Civil West Courthouse at 600 South Commonwealth

20  Avenue, Los Angeles, California 90005.  Counsel for all parties are ordered to attend.

21          The court orders counsel to prepare for the Initial Status Conference by identifying and

22  discussing the central legal and factual issues in the case.  Counsel for plaintiff is ordered to

23
24  initiate contact with counsel for defense to begin this process. Counsel then must negotiate and

25  agree, as much as possible, on a case management plan.  To this end, counsel must file a Joint

26  Initial Status Conference Class Action Response Statement five court days before the Initial Status

27  Conference.  The Joint Response Statement must be filed on line-numbered pleading paper and

28

INITIAL STATUS CONFERENCE ORDER (CLASS ACTION)

must specifically answer each of the below-numbered questions. Do not use the use the Judicial

Council Form CM-110 (Case Management Statement).

**1. PARTIES AND COUNSEL:** Please list all presently-named class representatives and

presently-named defendants, together with all counsel of record, including counsel's contact and

email information.

**2. POTENTIAL ADDITIONAL PARTIES:** Indicate whether any plaintiff presently intends to

add additional class representatives, and , if so, the name(s) and date by which these class

representatives will be added. Indicate whether any plaintiff presently intends to name additional

defendants, and, if so, the name(s) and date by which the defendant(s) will be added. Indicate

whether any appearing defendant presently intends to file a cross-complaint and, if so, the names

of cross-defendants and the date by which the cross-complaint will be filed.

**3. IMPROPERLY NAMED DEFENDANT(S):** If the complaint names the wrong person or

entity, please explain why the named defendant is improperly named and the proposed procedure

to correct this error.

**4. ADEQUACY OF PROPOSED CLASS REPRESENTATIVE(S):** If any party believes one

or more named plaintiffs might not be an adequate class representative, including reasons of

conflict of interest as described in Apple Computer v. The Superior Court of Los Angeles County

(2005) 126 Cal.App.4$^{th}$ 1253, please explain. No prejudice will attach to these responses.

**5. ESTIMATED CLASS SIZE:** Please discuss and indicate the estimated class size.

**6. OTHER ACTIONS WITH OVERLAPPING CLASS DEFINITIONS:** Please list other

cases with overlapping class definitions. Please identify the court, the short caption title, the

docket number, and the case status.

**7. POTENTIALLY RELEVANT ARBITRATION AND/OR CLASS ACTION WAIVER**

**CLAUSES:** Please state whether arbitration is an issue in this case and attach a sample of any

-2-

INITIAL STATUS CONFERENCE ORDER(CLASS ACTION)

relevant clause of this sort.   Opposing parties must summarize their views on this issue.

**8. POTENTIAL EARLY CRUCIAL MOTIONS:** Opposing counsel should identify and describe the significant core issues in the case, and then identify efficient ways to resolve those issues, including one or more of the following:

- Motion to Compel Arbitration,
- Early motions in limine,
- Early motions about particular jury instructions and verdict forms,
- Demurrers,
- Motions to strike,
- Motions for judgment on the pleadings, and
- Motions for summary judgment and summary adjudication.

**NOTE: Effective 2012, by stipulation a party may move for summary adjudication of a legal issue or a claim for damages that does not completely dispose of a cause of action, an affirmative defense, or an issue of duty[1]. Counsel are to analyze, discuss, and report on the relevance of this powerful new procedure.**

**9. CLASS CONTACT INFORMATION:** Counsel should discuss whether obtaining class contact information from defendant' s records is necessary in this case and, if so, whether the parties consent to an "opt-out" notice process (as approved in *Belaire-West Landscape, Inc. v. Superior Court* (2007) 149 Cal.App.4th 554, 561). Counsel should address timing and procedure, including allocation of cost and the necessity of a third party administrator.

**10. PROTECTIVE ORDERS:** Parties considering an order to protect confidential information from general disclosure should begin with the model protective orders found on the Los Angeles

---

[1]See Code Civ. Proc. § 437c, subd. (s)

-3-

Superior Court Website under "Civil Tools for Litigators."

**11. DISCOVERY:** Please discuss a discovery plan. If the parties cannot agree on a plan, summarize each side's views on discovery. The court generally allows discovery on matters relevant to class certification, which (depending on circumstances) may include factual issues also touching the merits. The court generally does not permit extensive or expensive discovery relevant only to the merits (for example, detailed damages discovery) at the initial stage unless a persuasive showing establishes early need. If any party seeks discovery from absent class members, please estimate how many, and also state the kind of discovery you propose[2].

**12. INSURANCE COVERAGE:** Please state if (1) there is insurance for indemnity or reimbursement, and (2) whether there are any insurance coverage issues which might affect settlement.

**13. ALTERNATIVE DISPUTE RESOLUTION:** Please discuss ADR and state each party's position about it. If pertinent, how can the court help identify the correct neutral and prepare the case for a successful settlement negotiation?

**14. TIMELINE FOR CASE MANAGEMENT:** Please recommend dates and times for the following:

■ The next status conference,

■ A schedule for alternative dispute resolution, if it is relevant,

■ A filing deadline for the motion for class certification, and

■ Filing deadlines and descriptions for other anticipated non-discovery motions.

**15. ELECTRONIC SERVICE OF PAPERS:** For efficiency the complex program requires the parties in every new case to use a third-party cloud service, such as:

---

[2] See California Rule of Court, Rule 3.768.

-4-

INITIAL STATUS CONFERENCE ORDER(CLASS ACTION)

- Case Anywhere (www.caseanywhere.com),

- CaseHomePage (www.casehomepage.com), or

- File & Serve Express (www.lexisnexis.com/fileandserve).

Please agree on one and submit the parties' choice when filing the Joint Initial Status Conference Class Action Response Statement. If there is agreement, please identify the vendor. If parties cannot agree, the court will select the vendor at the Initial Status Conference. Electronic service is not the same as electronic filing. Only traditional methods of filing by physical delivery of original papers or by fax filing are presently acceptable.

**Reminder When Seeking To Dismiss Or To Obtain Settlement Approval:**

"A dismissal of an entire class action, or of any party or cause of action in a class action, requires court approval. . . . Requests for dismissal must be accompanied by a declaration setting forth the facts on which the party relies. The declaration must clearly state whether consideration, direct or indirect, is being given for the dismissal and must describe the consideration in detail."[3] If the parties have settled the class action, that too will require judicial approval based on a noticed motion (although it may be possible to shorten time by consent for good cause shown).

**Reminder When Seeking Approval of a Settlement:**

Plaintiff(s) must address the issue of any fee splitting agreement in their motion for preliminary approval and demonstrate compliance with California Rule of Court 3.769, and the Rules of Professional Conduct 2-200(a) as required by Mark v. Spencer (2008) 166 Cal.App. 4th 219. Pending further order of this Court, and except as otherwise provided in this Initial Status Conference Order, ***these proceedings are stayed in their entirety***. This stay precludes the filing of any answer, demurrer, motion to strike, or motions challenging the jurisdiction of the Court;

---

[3] California Rule of Court, Rule 3.770(a)

INITIAL STATUS CONFERENCE ORDER(CLASS ACTION)

however, any defendant may file a Notice of Appearance for purposes of identification of counsel and preparation of a service list. The filing of such a Notice of Appearance is without prejudice to any challenge to the jurisdiction of the Court, substantive or procedural challenges to the Complaint, without prejudice to any affirmative defense, and without prejudice to the filing of any cross-complaint in this action. This stay is issued to assist the Court and the parties in managing this "complex" case through the development of an orderly schedule for briefing and hearings on procedural and substantive challenges to the complaint and other issues that may assist in the orderly management of these cases.  This stay does not preclude the parties from informally exchanging documents that may assist in their initial evaluation of the issues presented in this case, however it stays all outstanding discovery requests.

Plaintiff's counsel is directed to serve a copy of this Initial Status Conference Order along with a copy of the attached Guidelines for Motions for Preliminary and Final Approval of Class Settlement on counsel for all parties, or if counsel has not been identified, on all parties, within five (5) days of service of this order. If any defendant has not been served in this action, service is to be completed within twenty (20) days of the date of this order.

If all parties have been served, have conducted the required meet and confer, and are ready to fully participate in the status conference prior to the assigned date, counsel may contact the clerk of Department 308 and request an earlier date for the Initial Status Conference.


Dated:   October 29, 2013


_Jane L. Johnson_

Judge Jane L. Johnson

-6-

INITIAL STATUS CONFERENCE ORDER(CLASS ACTION)

# PROOF OF SERVICE

I certify and state that I am and was at all times herein mentioned over the age of eighteen years and not a party to the action in which this service is made; that at all times herein mentioned I have been employed in the County of Los Angeles and that my business address is 200 No. Main Street, Room 916, CHE, Los Angeles, California 90012.

On February 5, 2014, I served the documents(s) described as:

## DEFENDANTS' NOTICE OF REMOVAL TO FEDERAL COURT UNDER 28 U.S.C. §§ 1441(a) and 1446(a) and (b)

[X]   **BY U.S. MAIL** – placed the envelope for collection and mailing, following our ordinary business practices.  I am readily familiar with this business' practice for collecting and processing correspondence for mailing.  On the same day that correspondence is placed for collection and mailing. It is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid addressed as follows:  See attached service list.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on February 5, 2014, at Los Angeles, California.

_____
TERRY LEE

1

<p style="text-align:center">**SERVICE LIST**</p>

Caleb Marker, Esq.
555 E Ocean Blvd., Suite 500
Long Beach, CA 90802
Tel: (888) 490-8550
Fax: (888) 490-7750
Email: Marker@consumerpractice.com
Attorneys for Plaintiff LIZA YOUSSEFEYEH

Bradley C. Buhrow
Zimmerman Reed PLLP
14646 N. Kierland Blvd., Suite 145
Scottsdale, Arizona 85254
Tel: (480) 348-6400
Fax: (480) 348-6415
Brad.buhrow@zimmreed.com
Attorneys for Plaintiff LIZA YOUSSEFEYEH

Robert Ahdoot
Theodore Maya
Ahdoot & Wolfson, PC
1016 Palm Ave.
Los Angeles, CA 90069
Tel: (310) 474-9111
Fax: (310) 474-8585
rahdoot@ahdootwolfson.com
tmayalaw@gmail.com
Attorneys for Plaintiff LIZA YOUSSEFEYEH

Stacy L. Fode, Esq.
Tara M. Jacobson, Esq.
BROWN LAW GROUP
600 B Street, Suite 1650
San Diego, CA 92101
Tel: (619) 330-1700
Fax: (619) 3300-1701
Jacobson@brownlawgroup.com
Attorneys for Defendant
XEROX STATE & LOCAL SOLUTIONS, INC.

<p style="text-align:center">2</p>